**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AGA Shareholders, LLC, an Illinois limited liability company, | No. CV-07-62-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| CSK Auto, Inc., an Arizona corporation; Maynard L. Jenkins; Martin G. Fraser; and Donald W. Watson, | |
| Defendants. | |

The parties have filed a motion and stipulation for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Dkt. #112; *see* Dkt. #105. The Court will deny the motion.

The parties seek a protective order under Rule 26(c)(2) and (7) on the ground that certain materials that will be disclosed during the course of discovery may be commercially sensitive or otherwise deserving of protection from public view. *Id.* at 1. "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted).

For good cause to exist under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "'Broad allegations of harm,

1 unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News*, 187 F.3d at 1102.

The parties have made no such showing in this case. The parties do not identify any particular document that may be entitled to protection under Rule 26(c). Rather, the parties seek a protective order under which all documents "relating to, referring to, or exchanged between CSK and any CSK vendor other than Plaintiff, no matter how obtained, shall be deemed confidential[.]" Dkt. #112-2 at 1. Such a blanket protective order may not be entered under Rule 26(c). *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (holding that the district court abused its discretion under Rule 26(c) by entering a blanket protective without requiring the party seeking protection "to show that *specific* discovery documents, whether eventually filed with the court or not, contained [confidential] information") (emphasis in original); *San Jose Mercury News*, 187 F.3d at 1103 (holding that blanket stipulated protective orders entered under Rule 26(c) "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"). The Court will deny motion.

**IT IS ORDERED** that the parties' motion and stipulation for protective order (Dkt. #112) is **denied**.

DATED this 28th day of November, 2007.

_____
David G. Campbell
United States District Judge