**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AGA Shareholders, LLC, an Illinois Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CSK Auto, Inc., an Arizona corporation, et al.,<br><br>　　　　　Defendants. | No. CV-07-0062-PHX-DGC<br><br><br>**ORDER** |

The Court held a discovery conference call with the parties on February 26, 2008. Counsel for all parties participated, along with counsel for non-party Remy International. After hearing the parties' positions on the issues presented, the Court took this matter under advisement and now enters the following order.

1.　Plaintiff has for some time sought to obtain sales information from Defendant CSK regarding the level of purchases CSK has made from Unit Parts, the company that replaced AGA as a vendor to CSK. Following the Court's ruling on discovery issues late last year, CSK produced sales information to Plaintiff in December. At Plaintiff's request, counsel for CSK summarized the sales information from spreadsheets produced by CSK. Plaintiff's damages expert relied on this summarized information in producing an expert report by the Court's deadline of January 31, 2008. In response to discussions between the parties concerning the accuracy of the summary sales information, CSK provided updated information to Plaintiff last week. The updated information apparently shows sales

significantly lower than those previously summarized by CSK's counsel and relied on by Plaintiff's expert. Plaintiff now seeks time for its damages expert to produce a revised report in light of the revised sales information. CSK opposes the request, arguing that the information relied on by Plaintiff was clearly identified as questionable and that Plaintiff could have obtained the information directly from Unit Parts (a subsidiary of Remy International) had it sought to do so.

2. The Court's previous order setting the final schedule of this case established a deadline of January 31, 2008 for expert reports (for any issue on which the parties have the burden of proof) and March 14, 2008 for rebuttal reports. Dkt. #117. The Court specifically advised the parties that no additional extensions would be granted absent truly extraordinary circumstances. *Id*. The Court concludes that Plaintiff is confronted with extraordinary circumstances. Financial information produced by CSK, summarized by CSK's counsel, and on which Plaintiff's expert reasonably relied is now said by CSK to be overstated. Without assigning blame for this development, the Court concludes that Plaintiff in fairness should be granted time to revise those portions of its damages expert report that are based on the incorrect numbers. No other modifications to the report will be permitted.

3. The schedule established in the Court's order of December 19, 2007 (Dkt. #117) remains in effect, with the following exceptions.

   a. On or before **April 4, 2008**, Plaintiff may produce a supplement to its January 31, 2008 damages expert report. The supplement shall be limited to changes based on the revised sales information disclosed by CSK last week. Portions of the January 31, 2008 report not based on the previous incorrect sales information will remain unchanged. The Court is allowing several weeks to produce the supplement due to scheduling problems of Plaintiff's expert.

   b. The deadline for rebuttal reports shall remain March 14, 2008 for all expert reports other than Plaintiff's January 31, 2008 damages report. Rebuttals to Plaintiff's January 31, 2008 damages report and Plaintiff's April 4, 2008 supplement shall be produced on **April 25, 2008**. Although this deadline is only three weeks after production of Plaintiff's

1 supplemental report, Defendants presently are in possession of the January 31, 2008 damages 2 report and their experts can undertake an analysis of the report now and be prepared to 3 produce a rebuttal on April 25, 2008.

4       c.    With the exception of damages experts, all expert depositions shall be 5 completed by the existing deadline of April 4, 2008. With respect to damages experts, 6 depositions shall be completed on or before **May 9, 2008**.

7       d.    The deadline for filing dispositive motions shall be **May 16, 2008**.

8     4.    The Court will not order Remy International to produce financial information 9 subpoenaed by Plaintiff. Plaintiff subpoenaed the Unit Parts information several months ago. 10 Remy responded by stating its reluctance to produce financial information which it regards 11 as confidential and competitively sensitive without the benefit of a protective order.

12 The Court entered an order denying a protective order in this case on November 28, 13 2007, after the subpoena had been issued and Remy had stated its reluctance. Dkt. #115. 14 The order explained the basis for the Court's conclusion and noted that a protective order for 15 discovery materials could be obtained upon a particularized showing of good cause. *Id*. In 16 the eleven weeks since the order, Plaintiff never provided Remy with a copy of the order, 17 never sought to make a good cause showing, and never suggested that Remy do so.

18 As Plaintiff should have anticipated, the Court will not order Remy to produce 19 potentially sensitive financial information without affording it an opportunity to make the 20 good cause showing necessary for a protective order. And yet by raising this issue on 21 February 26, 2008 – only three days before the fact discovery deadline – Plaintiff has left no 22 time for such a showing. Plaintiff, in effect, asks that Court to extend the deadline to address 23 the issue of Remy's subpoena response.

24 A deadline established under Rule 16 of the Federal Rules of Civil Procedure "shall 25 not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson* 26 *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 27 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed. 28 R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot reasonably be met despite

1 the diligence of the parties seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s
2 Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the
3 diligence of the party seeking the amendment." *Johnson.*, 975 F.2d at 609.

4 The Court concludes that Plaintiff could have resolved the issue of Remy's subpoena
5 response before the discovery deadline through the exercise of reasonable diligence.
6 Because Plaintiff failed to do so, the "good cause" basis for extension of the deadline has not
7 been established. Plaintiff's request for an order requiring Remy to produce the financial
8 information is therefore denied. Plaintiff shall provide counsel for Remy with a copy of this
9 order.

10 DATED this 27th day of February, 2008.

_____
David G. Campbell
United States District Judge