**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AGA Shareholders, LLC, an Illinois limited liability company, ) ) ) Plaintiff, ) ) vs. ) ) CSK Auto, Inc., an Arizona corporation, ) ) Defendant. ) ) | No. CV-07-62-PHX-DGC **ORDER** |

Defendant CSK Auto, Inc. has filed a motion for reconsideration of the Court's summary judgment order. Dkt. #235. CSK argues (1) that the Court's ruling on count one is contradicted by its findings regarding count two (*id.* at 2-4), and (2) that the record reveals a material issue of disputed fact regarding CSK's right to terminate the Agreement (*id.* at 4-5). The Court will deny the motion with respect to the first issue and require AGA to file a response addressing the second issue.

**I.    Was There an Inconsistency in the Court's Order?**

In granting CSK's motion for summary judgment on count two, the Court found that the MVA was not a requirements contract. Dkt. #232 at 11. Because the MVA provided that it could not be modified orally, the Court rejected AGA's contention that the parties entered into an oral requirements contract. *Id.* CSK finds this conclusion to be inconsistent with the Court's conclusion on count one that AGA and CSK were operating in a requirements relationship when the Agreement was executed. *See id.* at 8-9. The Court does not agree.

1    The count one discussion upon which CSK focuses is found primarily in the Statute
2 of Frauds section of the Court's order. *Id.* at 7-9. The issue addressed in that section is
3 whether the language used in the Agreement sufficiently reflected the requirements nature
4 of the contract. In concluding that it did, the Court cited the Comment to UCC § 2-220: that
5 the course of prior dealings between the parties were taken for granted when the document
6 was phrased, and that the prior dealings have become an element of the meaning of the words
7 used. *Id*. at 9.

8    The Court considered the nature of the parties' relationship when the Agreement was
9 executed – a requirements relationship CSK does not deny even in its motion for
10 reconsideration. *See* Dkt. #235 at 2. The Court did not conclude that the parties were
11 operating under a binding requirements contract at that time. The MVA provided otherwise.
12 But the course of dealing between the parties when the Agreement was negotiated clearly
13 gives meaning to the words they used and, in the Court's view, renders the language of the
14 Agreement sufficiently clear to satisfy the Statute of Frauds.

15    Stated differently, the Court recognized a difference between the binding contractual
16 obligations set forth in the MVA and the course of dealing the parties were engaged in when
17 the Agreement was signed. The course of dealing may not have changed the nature of the
18 MVA, but it did set the context in which the parties negotiated and signed the Agreement.
19 The Court's reliance on that highly relevant context to interpret the words in the Agreement
20 does not conflict with its application of the MVA to the alleged oral contract in count two.
21 The Court will deny the motion for reconsideration with respect to this issue.

22 **II.    Is There a Triable Issue as to CSK's Right to Terminate the Agreement?**

23    The Court granted summary judgment as to CSK's liability on count one on the
24 ground that the Agreement constitutes a 5-year requirements contract and CSK does not
25 dispute that it ceased purchasing products from AGA during the term of the Agreement.
26 Dkt. #232 at 11. CSK contends that the Court should take into account an argument made
27 by Defendant Jenkins but not made by CSK in its summary judgment briefing. Jenkins
28 argued that AGA's tortious interference claim failed in part because any damages would be

speculative given that "AGA admits that CSK could terminate AGA if AGA failed to match a competitor's offer." Dkt. #163 at 10 (citing Dkt. #164 ¶ 32; *see* Dkt. #176 ¶ 32). CSK argues that the Court should have considered this portion of Jenkins' argument in ruling on CSK's motion for summary judgment because CSK's motion "was based on 'the entire record in the case' (Dkt. #210-2) and this specific issue was briefed for the court." Dkt. #235 at 5. CSK further argues that the evidence presented by Jenkins regarding termination of the Agreement for cause precludes a summary judgment finding that CSK is liable on count one. *Id.* at 4-5.

AGA shall file a response addressing those arguments by **January 16, 2009**. No reply shall be filed. *See* LRCiv 7.2(g)(2).

**IT IS ORDERED:**

1. CSK's motion for reconsideration (Dkt. #235) is **denied in part** as set forth in this order.
2. AGA shall file a response consistent with this order by **January 16, 2009**. No reply shall be filed.

DATED this 8th day of January, 2009.

_____
David G. Campbell
United States District Judge