**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AGA Shareholders, LLC, an Illinois limited liability company, | No. CV-07-62-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| CSK Auto, Inc., an Arizona corporation, | |
| Defendant. | |

Defendant CSK Auto, Inc. ("CSK") has filed a motion for reconsideration of the Court's summary judgment order. Dkt. #235; *see* Dkt. #232. CSK argues (1) that the Court's ruling on count one is contradicted by its findings regarding count two (*id.* at 2-4), and (2) that the record reveals a material issue of disputed fact regarding CSK's right to terminate the Agreement (*id.* at 4-5). The Court denied the motion with respect to the first issue. Dkt. #243. Plaintiff AGA Shareholders, LLC ("AGA") has filed a response addressing the second issue. Dkt. #263. For reasons stated below, the Court will deny CSK's motion in its entirety.

**I.    Motion for Reconsideration Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). A motion for reconsideration may not be used to make new

1  arguments or to ask the Court to rethink its analysis. *See id.* (citing *United States v.*
2  *Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)); *see also N.W. Acceptance Corp. v.*
3  *Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Courts in this district have
4  identified four circumstances where a motion for reconsideration will be granted: (1) the
5  moving party has discovered material differences in fact or law from those presented to the
6  Court at the time of its initial decision, and the party could not previously have known of the
7  factual or legal differences through the exercise of reasonable diligence, (2) material factual
8  events have occurred since the Court's initial decision, (3) there has been a material change
9  in the law since the Court's initial decision, or (4) the moving party makes a convincing
10 showing that the Court failed to consider material facts that were presented to the Court at
11 the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors,*
12 *Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**II.    Analysis.**

The Court granted summary judgment as to CSK's liability on count one on the ground that the Agreement constitutes a 5-year requirements contract and CSK does not dispute that it ceased purchasing products from AGA during the term of the Agreement. Dkt. #232 at 11. CSK contends that the Court should take into account an argument made by Defendant Jenkins but not made by CSK in its summary judgment briefing. Dkt. #235 at 5. Jenkins argued that AGA's tortious interference claim failed in part because any damages would be speculative given that "AGA admits that CSK could terminate AGA if AGA failed to match a competitor's offer." Dkt. #163 at 10 (citing Dkt. #164 ¶ 32; *see* Dkt. #176 ¶ 32). CSK argues that the Court should have considered this portion of Jenkins' argument in ruling on CSK's motion for summary judgment because CSK's motion "was based on 'the entire record in the case' (Dkt. #210-2) and this specific issue was briefed for the court." Dkt. #235 at 5.

In its motion for summary judgment, AGA argued that CSK "ignored and breached [the] express five-year term [A]greement between the parties." Dkt. #210 at 2. AGA further argued that the terms of the Agreement and "CSK's liability under it are ripe for interlocutory

- 2 -

1  judgment." *Id.* AGA specifically sought "judgment as to CSK's liability to AGA for the
2  remaining four plus years of the [A]greement." *Id.* at 4.

3  In response, CSK contended that the Agreement "does not reflect an agreement
4  binding on CSK." Dkt. #228 at 5; *see* Dkt. #212 at 8. Having lost on that issue, CSK now
5  argues that it terminated the Agreement for cause. Dkt. #235 at 4. CSK contends that the
6  Court should consider this new alternative argument because the record contains evidence
7  purportedly showing that *AGA* believed that the Agreement could be terminated if it failed
8  to match a competitor's offer to CSK. *Id.* at 4-5. CSK asserts that "it was reasonable to
9  expect that all of the pending motions would be considered together." *Id.* at 5.

10  As the party opposing summary judgment, CSK was required to "'identify with
11  reasonable particularity the evidence that precludes summary judgment.'" *Keenan v. Allan*,
12  91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted). CSK did not do so; it made no
13  mention of the termination-for-cause argument in the three memoranda it filed as part of the
14  summary judgment briefing. Nor did CSK cite any evidence relevant to this argument. The
15  fact that Jenkins mentioned the argument and cited to one item of evidence in asserting that
16  damages were speculative does not satisfy CSK's obligation, particularly when the Court
17  ruled in favor of Jenkins on other grounds and never considered that argument. *See*
18  Dkt. #232 at 17. The Court certainly was not required to consider an irrelevant argument
19  raised by Jenkins on the off-chance that it might support a position CSK did not take in its
20  extensive briefing. The Court is not counsel for CSK. It has no obligation to "'scour the
21  record in search of a genuine issue of triable fact.'" *Keenan*, 91 F.3d at 1279. As this Circuit
22  has recognized, "'judges are not like pigs, hunting for truffles buried in briefs.'" *Independent*
23  *Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted).

24  In short, CSK has not made convincing showing that the Court failed to consider
25  material facts presented by CSK at the time of Court's initial decision. *See Motorola*, 215
26  F.R.D. at 586. The Court will therefore deny the motion for reconsideration. *See*
27  *Independent Towers of Wash.*, 350 F.3d at 929 (courts will consider "only issues which are
28  argued specifically and distinctly" in a party's brief).


Case 2:07-cv-00062-DGC   Document 264   Filed 01/16/09   Page 4 of 4

**IT IS ORDERED** that CSK's motion for reconsideration (Dkt. #235) is **denied**.

DATED this 16th day of January, 2009.

*David G. Campbell*
_____
David G. Campbell
United States District Judge